## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. HAL RUPPERT,<br>2. DEBRA RUPPERT HENDERSON,<br>3. WEST COAST DEVELOPMENT, INC.<br><br><br><br>Plaintiffs,<br><br>v.<br><br>1. CERTAIN UNDERWRITERS AT<br>LLOYD'S LONDON, subscribing to Policy<br>No. SMP38412<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: CIV-15-531-R<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

## A.  Parties

1.     Plaintiff, Hal Ruppert, is a citizen of the State of Oklahoma.

2.     Plaintiff, Debra Ruppert Henderson, is a citizen of the State of Oklahoma.

3.     Plaintiff, West Coast Development, Inc., is a corporation organized under the laws of the State of Oklahoma and whose principal place of business is within the State of Oklahoma.

4.     Defendant, Certain Underwriters at Lloyd's London, issued a commercial property insurance policy, No. SMP38412, to Plaintiffs.

1

5.      Defendant, Certain Underwriters at Lloyd's London, is not a corporation. The certain underwriters subscribing to policy No. SMP38412 are citizens and/or subjects of a foreign country.

6.      Defendant, Certain Underwriters at Lloyd's London, has named as its agent for service the law firm of Mendes & Mount, located at 750 Seventh Avenue, New York, NY.

7.      This action is not related to any other case filed in this court.

## B. Jurisdiction

8.      The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

9.      At all times material hereto, the Plaintiffs were insured under the terms and conditions of a property insurance policy, No. SMP38412, issued by the Defendant, Certain Underwriters at Lloyd's London.

10.     At all times material hereto, the Plaintiffs complied with the terms and conditions of their insurance policy.

11.     At all times material hereto, the Plaintiffs owned and/or had an insurable interest in properties located at:

1411 NE 7th St.
Oklahoma City, OK

9817 NE 10th St.
Oklahoma City, OK

1440 NE 15th St.
Oklahoma City, OK

2813 SE 56th St.
Oklahoma City, OK

1321 1/2 NW 14th St.
Oklahoma City, OK

1321 NW 14th St.
Oklahoma City, OK

2709 N. Fonshill Ave.
Oklahoma City, OK

2205 N Lottie
Oklahoma City, OK

4230 Catfish Dr.
Newalla, OK

12928 E. Parker
Spencer, OK

12.    On or about May 31, 2013, Plaintiffs' properties were damaged as a result of

a tornadic wind and/or hail storm.

13.    Tornado, wind, and hail damages are covered perils not limited or excluded

pursuant to the terms and conditions of Plaintiffs' property insurance policy.

### D. Count I Breach of Contract

14.    Plaintiffs hereby assert, allege and incorporate paragraphs 1-13 herein.

15.    The property insurance policy, policy number SMP38412, issued by the Defendant, Certain Underwriters at Lloyd's London, was in effect on May 31, 2013.

16.    Subsequent to the May 31, 2013 tornadic wind and hail storm, Plaintiffs timely submitted a claim to Defendant, Certain Underwriters at Lloyd's London.

17.    The acts and omissions of Defendant, Certain Underwriters at Lloyd's London, in the investigation, evaluation, and payment of Plaintiffs' claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.   Defendant breached its contract with Plaintiffs by failing to conduct a reasonable investigation of the Plaintiffs' claim, failing to afford Plaintiffs the full benefit owed them under their policy, and by improperly applying the deductible applicable to Plaintiffs' claim.

18.    Defendant, Certain Underwriters at Lloyd's London, further breached its contract with Plaintiffs and acted in bad faith by improperly applying the deductible applicable to Plaintiffs' claim. The deductible applicable to Plaintiffs' claim is a percentage deductible of 2%, subject to a maximum application of $5,000.00. Instead of properly applying the deductible in the above manner,

Defendant construed and applied the deductible as if it were subject to a $5,000.00 minimum application, thereby applying an excessive deductible which is outside the terms and conditions of the policy and insurance industry standards. Defendant applied the deductible in this manner intentionally as part of a nationwide strategy to reduce claim payments by overcharging in the application of its percentage deductible.

### E. Count II Bad Faith

19.    Plaintiffs hereby assert, allege and incorporate paragraphs 1-18 herein.

20.     The acts and omissions of the Defendant, Certain Underwriters at Lloyd's London, in the investigation, evaluation and payment of Plaintiffs' claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

21.    Subsequent to the May 31, 2013 tornadic wind and hail storm, Plaintiffs timely submitted a claim to Defendant, Certain Underwriters at Lloyd's London.

22.    The acts and omissions of Defendant, Certain Underwriters at Lloyd's London, in the investigation, evaluation, and payment of Plaintiffs' claim were unreasonable and constitute bad faith for which extra-contractual damages are hereby sought.  Defendant acted in bad faith in the handling, evaluation, and payment of Plaintiffs' property claim by failing to conduct a reasonable

investigation of the claim, failing to afford Plaintiffs' the full benefit owed them under their policy, and by improperly applying the deductible applicable to Plaintiffs' claim.

23.    Defendant, Certain Underwriters at Lloyd's London, further breached its contract with Plaintiffs and acted in bad faith by improperly applying the deductible applicable to Plaintiffs' Claim. The deductible applicable to Plaintiffs' claim is a percentage deductible of 2%, subject to a maximum application of $5,000.00. Instead of properly applying the deductible in the above manner, Defendant construed and applied the deductible as if it were subject to a $5,000.00 minimum application, thereby applying an excessive deductible which is outside the terms and conditions of the policy and insurance industry standards. Defendant applied the deductible in this manner intentionally and in bad faith, as part of a nationwide strategy to reduce claim payments by overcharging in the application of its percentage deductible.

24.    Defendant also acted in bad faith by forcing the Plaintiffs to file a lawsuit in order to obtain the amounts due to them under the first party insurance policy.

### F. Count III Punitive Damages

25.     Plaintiffs hereby assert, allege and incorporate paragraphs 1-24 herein.

26.    The unreasonable conduct of the Defendant, Certain Underwriters at Lloyd's

London, in the handling of Plaintiffs' claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiffs. Accordingly, punitive damages are hereby sought.

### G. Demand for Jury Trial

27.    The Plaintiffs hereby request that the matters set forth herein be determined by a jury of their peers.

### H. Prayer

26.    Having properly pled, the Plaintiffs, Hal Ruppert, Debra Ruppert Henderson, and West Coast Development, Inc., hereby seek contractual, bad faith and punitive damages against the Defendant, Certain Underwriters at Lloyd's London, together in an amount in excess of $75,000.00; including costs, interest and attorney fees.


Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
Michael D. McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEY FOR THE PLAINTIFFS**